UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. **6:18-CV-00841-RBD-TBS**

JESSE TACORONTE

    Plaintiff

v.

SPECIALIZED LOAN SERVICING, LLC.

    Defendant

_____/

# PLAINTIFF JESSE TACORONTE'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

COMES NOW Jesus "Jesse" Tacoronte, Plaintiff, by counsel, J. Marshall Gilmore, Esq., and files this Response to Defendants Motion to Dismiss the Second Amended Complaint as follows:

## MEMORANDUM OF LAW REGARDING MOTIONS TO DISMISS

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*A court confronted with a Rule 12(b)(6) motion must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant*, Gross v. German Found Indus. Initiative, 549 F.3d 605, 610 (3d Cir. 2008*), but legal conclusions receive no such deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation."* Papasan v. Allain, 478 U.S. 265, 286 (1886)(cited with approval in Twombly, 550 U.S. at 555 (citations omitted)

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to *'state a claim to relief that is plausible on its face.'* " *Id.* (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id.* at 679.

A court may only consider the complaint, exhibits attached to the complaint, matters of public record, and indisputably authentic documents if the complainant's claims are based upon those documents. See PBGC v. White Consolidated Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); see also In re Burlington Coat

Factory Sec. Lit, 114 F.3d 1410, 1426 (3d Cir. 1997)(a document forms the basis of a claim when it is *"integral to or explicitly relied upon in the complaint"* and such a document "may be considered without converting the motion to dismiss into one for summary judgment.").

If the pleading states facts sufficient to make a claim, the court should not grant a motion to dismiss.

**SUMMARY OF BACKGROUND OF CASE AND DEFENDANT'S EARLIER MOTION TO DISMISS AND THE COURT'S RULING ON THAT MOTION**

Plaintiff filed his Original Complaint based on several violations of the FDCPS and FCCPA in the Florida State court system, but Defendant removed to this Court. Plaintiff had alleged going around counsel violations plus a violation of sending Plaintiff a collection letter with misleading and incorrect demand for payment included. Defendant moved to dismiss based on fact that insufficient allegations of actual notice to Defendant that he was represented by counsel, insufficient allegations that Defendant knew the information and that the monthly statement which was the basis of the complaint was required to be sent by the provisions of TILS. The Court agreed and granted the Motion to Dismiss and gave leave to amend. The ruling on the Motion to Dismiss left only the claim by Plaintiff that the information in the communication to Plaintiff was incorrect and deceptive in violation of Fla. Stat. § 559.72(9) and 15 U.S.C. § 1692c(a)(2). Defendant has now

filed another Motion to Dismiss Plaintiff's Second Amended Complaint.

## SUMMARY OF DEFENDANT'S ARGUMENTS FOR SECOND MOTION TO DISMISS

Defendant asserts four general grounds for its second motion for dismissal:

1. The Second Amended Complaint does not plead that the Plaintiff does not owe the foreclosure legal Plaintiff bases his case on.

2. Second Amended Complaint does not allege sufficiently that the Defendant had actual knowledge that the amount was not due.

3. Defendant reasserts his argument that it was required to send the monthly statement by the TILA regulations providing that the lender send a monthly statement to the borrower..

4. Plaintiffs have not complied with the condition precedent in the Mortgage of prior notice of right to cure.

Defendant repeats other issues it has with the case brought by Plaintiff but does not plead these as grounds to dismiss Plaintiff's case, ie, that Plaintiff should have brought this case as a part of a state foreclosure case going on over the same real property or that Plaintiff has other FDCPA claims against other violators that should have been joined in the foreclosure case as well. Plaintiff will not address these comments in this response other than to say they have no merit and Defendant is not relying on them to support his motion.

# ARGUMENTS AND MEMORANDUM ON THE FACTS AND LAW

**Point One: The Second Amended Complaint does not plead that the Plaintiff does not owe the foreclosure legal expenses set out in the attachment to the monthly statement Plaintiff bases his case on.**

Defendant is incorrect about this. The Second Amended Complaint alleges at Paragraph 1 as follows: *"Defendant, acting as a debt collector sent Plaintiff a demand letter for payment of a debt that contained false and misleading information, amounts alleged to be due by Plaintiff that were not in fact due by Plaintiff,"* Furthermore Plaintiff alleges at Paragraph 9 *that "There was no foreclosure fees or legal fees due or awarded to Defendant or the mortgagee in the Foreclosure case after that case was completed."* This was in reference to an earlier case for foreclosure of the same note and mortgage that Defendant lost. Plaintiff also alleged this amount of legal fees and foreclosure expenses was not owed by Plaintiff in Paragraphs 15 and 16 of the Second Amended Complaint.

Therefore, Plaintiff has plead the facts that Defendant sent him a debt collection communication that had information that was incorrect as far as what he owed to mortgagee.

## Point Two: Second Amended Complaint does not allege sufficiently that the Defendant had actual knowledge that the amount was not due.

The Second Amended Complaint alleges that Defendant sent him a debt collection letter attached as an Exhibit to the Complaint and that it was incorrect by setting out in the letter that Plaintiff owed legal fees that had not actually been awarded by any court yet. The Defendant is involved in the foreclosure case on the note that the debt collection letter relates to and can therefore be charged with knowledge as a matter of common sense that no legal fee award has been made or is a debt of Plaintiff at this stage of the litigation.

The law on this is stated above: In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to *'state a claim to relief that is plausible on its face.'*" *Id.* (quoting <u>Twombly, 550 U.S. at 570</u>). And further "Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense". ( <u>*Id.* at 679</u>.) The Court can use its common sense in determining certain facts that are needed to review a Motion to Dismiss- the Defendant sent the Plaintiff a debt collection communication with exact figures in it that Defendant alleged were foreclosure legal expenses. The Defendant must take

ownership of the figures it demands the Plaintiff pay. It must be charged with knowledge of its own statements.

**Point Three: Plaintiff failed to plead that Defendant had to comply with other Federal Statutes- the Truth in Lending Statutes and Regulations and therefore is not in violation.**

Defendant makes the same arguments the it did in its first motion to Dismiss regarding being required to send the monthly statement to Plaintiff by the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f (the "TILA")  This argument was effective with this court as far as "going around counsel" violations but the sole surviving violation Plaintiff has in his Second Amended Complaint if for sending Plaintiff a demand for incorrect debt amount and category- foreclosure legal fees.  The TILA defense does not protect Defendant from this type of violation or support a motion to dismiss. See the ruling in *Herbert L. JONES, Jr., Plaintiff, SELECT PORTFOLIO SERVICING, INC.*, Case No. 1:18-cv-20389-UU Signed 05/02/2018 a S.D US District Court case:

*"Compliance with TILA may not automatically excuse Defendant's behavior and communication as "a communication can have more than one purpose ... [e.g.] providing information as well [as] collecting a debt." Pinson v. Albertelli Law Partners, LLC, 618 Fed.Appx. 551, 553 (11th Cir. 2015) (citations omitted). Thus, if a communication contains additional language not required by the TILA that could be construed as "debt collection language," it may still violate the FDCPA. See Kelliher, 826 F. Supp. 2d at 1328 (denying a motion to dismiss where the monthly statements contained increasingly severe language, for example: "Account Seriously Past Due ... but we may still be able to offer special payment arrangements...."). Courts determine whether a communication amounts to "debt*

*collection language" by scrutinizing and evaluating the language employed by the servicer. Wood v. Citibank, N.A., No. 8:14-CV-2819-T-27EAJ, 2015 WL 3561494, at *3 (M.D. Fla. June 5, 2015), guided by whether the communication's purpose was to induce payment by the debtor or whether it was merely "informational." See Parker, 874 F. Supp. 2d at 1358 (collecting cases explaining that informational letters are not an attempt to collect a debt); see also Garden v. Leikin Ingber & Winters, PC, 643 F.3d 169, 173 (6th Cir. 2011) (explaining that for a communication to be made in connection with the collection of a debt "an animating purpose of the communication must be to induce payment by the debtor.").*

Plaintiff's Amended Complaint states a cause of action that is not barred by application of the TILA act. Therefore the Motion to dismiss on this basis should be denied.

**Point Four: Plaintiffs have not complied with the condition precedent in the Mortgage of prior notice of right to cure.**

Defendant makes this argument for the first time- that Plaintiff did not comply with the requirement in the Mortgage that notice of breach and right to cure be given. However, this argument fails for several reasons, not the least of which, Plaintiff had given notice of the fact that the demand letter was incorrect- see Exhibit A hereto which is a letter from Plaintiff's counsel, Tanner Andrews, to Defendants attorney in the foreclosure case where Defendant is suing Plaintiff over breach of the mortgage and note. It clearly states that the debt demanded is incorrect and disputed. Secondly, sending out the debt collection letter with incorrect information amounts to a breach of the FDCPA and FCCPA as soon as it is done. This type of violation

affords no "cure" as contemplated in a mortgage and note violation. The cure actions contemplated by the note and mortgage would allow a party to take action required by the terms of the note and mortgage that would correct the situation- Defendant already violated the consumer law so there is no "curing" possible. This case is not for violation of the note and mortgage- it is for a debt communication that is alleged to be a violation of the FDCPA and the FCCPA.

Third, the Defendant is not a "party" to the Note or Mortgage and therefor not entitled to any protection from any of its clauses like the notice to cure provisions.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests the Defendants Motion be in all things, denied. In the Alternative, if the Court deems any of the Defendants points for dismissal sufficient as to failure to fully specify an act or violation, the Plaintiff request leave to file a third amended complaint to address such issue.

Dated: November 26, 2018

Respectfully Submitted

__s/ J. Marshall Gilmore_____
J. Marshall Gilmore, PA
Florida Bar No. 840181
New *Attorney for Plaintiff*
125 East Merritt Island Cswy
Suite 107-340
Merritt Island, FL 32952
mgilmore@mgilmorelaw.com
(321) 591-9922

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed with CM/ECF and a copy will be emailed to counsel for Defendant Frank Morreale
this 26st day of November, 2018.

                                           ___*S/ J. Marshall Gilmore*_____
                                                     Attorney for Plaintiff